UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER M. OWENS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>IRIS CANADA,<br><br>　　　　Defendant. | Case No. 16-cv-00514-EMC<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REMANDING CASE**<br><br>Docket No. 2, 11, 12 |

## I.　INTRODUCTION

On January 29, 2016, Defendant Iris Canada removed the instant case from state court, on the basis of diversity jurisdiction. Docket No. 1 (Not. of Removal). Defendant has applied to proceed *in forma pauperis*. Docket No. 2 (IFP App.). Plaintiffs have filed a motion to remand and an ex parte motion to shorten time on their remand motion, on the basis that removal is untimely. Docket No. 11-1 (Mot. to Remand); Docket No. 12 (Mot. to Shorten Time).

For the reasons stated below, the Court **GRANTS** Defendant's *in forma pauperis* application, and **REMANDS** the case to state court.

## II.　DISCUSSION

A.　*In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemous & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In her application, Plaintiff states that she is currently unemployed and that her only source of money is social security, as she is retired. IFP App. at ¶¶ 1, 2. Plaintiff asserts that she owns a home, on which she pays a mortgage, and only $40.00 in cash. Given this information, Plaintiff's application to proceed *in forma pauperis* is granted.

B.   Improper Removal

The Court must dismiss an *in forma pauperis* action at any time if the Court determines that the allegation of poverty is untrue, the action is frivolous or malicious, or the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e). Courts in this district have found that in addition to examining the merits of an action under the IFP statute, the courts have an independent duty to determine whether it has jurisdiction. *See Coast to Coast Inv., LLC v. Luna*, Case No. 14-cv-131-WHO, 2014 U.S. Dist. LEXIS 5960, at *2 (N.D. Cal. Jan. 15, 2014) (granting IFP application and remanding case that was improperly removed); *Fannie Mae v. Luna*, No. C-12-cv-6432 EMC, 2013 U.S. Dist. LEXIS 15619, at *3 (N.D. Cal. Feb. 5, 2013) (same).

The Court finds that it lacks subject matter jurisdiction in this case. Defendant removed the case solely on the basis of diversity in citizenship,[1] as Defendant is a resident of California and Plaintiffs are residents of New Hampshire. *See* Not. of Removal at 3. Because Defendant is a resident of California, Defendant was not permitted to remove this action. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [*i.e.*, diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This limitation on removal is referred to as the "forum defendant rule." Thus, removal is improper and remand is appropriate.

Even if removal was permitted, the Court finds that Defendant's removal was not timely. Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed

---

[1] There are no federal claims, as Plaintiffs' claims are solely based on Defendant's alleged violations of the terms of a life estate interest in premises owned by Plaintiffs. *See* Docket No. 1 at 12.

2

within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1).  Here, Plaintiffs filed the state court action on December 30, 2014, over a year before Defendant's removal of the case on January 29, 2016.  *See* Docket No. 1 at 12.  Defendant also had notice that there was a basis for diversity jurisdiction long before the untimely removal.  Defendant has been sending her monthly payments to Plaintiffs in New Hampshire for almost ten years.  *See* Docket No. 11-3 (Owens Dec.) at ¶ 9, Exh. E.  The promissory note executed by Defendant in 2005 also listed all Plaintiffs as citizens of New Hampshire.  *Id.* at ¶ 9, Exh. B.  Declarations filed with Plaintiffs' motion for summary judgment stated that Plaintiffs lived in New Hampshire.  Chernev Dec. at ¶ 10, Exh. E.  Further, the bankruptcy petition filed by Defendant listed the Plaintiffs as residing in New Hampshire.  *Id.*, Exh. F.  In short, Defendant has known of Plaintiffs' citizenships long before she sought to remove the case, making removal untimely.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's application to proceed *in forma pauperis* but also finds that the removal was not timely effectuated.  For this reason, the Court finds that this case was improperly removed from state court and **REMANDS** this action back to the Superior Court of San Francisco.  Plaintiffs' motions to remand and to shorten time are **DENIED** as moot.  The Clerk is instructed to close the case.

This order disposes of Docket Nos. 2, 11, and 12.

**IT IS SO ORDERED**.

Dated: February 12, 2016

_____
EDWARD M. CHEN
United States District Judge

3